

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOMINION PATHOLOGY LABORATORIES, P.C.,

    Plaintiff,

v.     CIVIL ACTION NO: 2:15cv152

ANTHEM HEALTH PLANS OF VIRGINIA, INC.,

    Defendant.

MEMORANDUM ORDER

This matter comes before the court on the Motion to Remand and the Memorandum in Support, filed by the Plaintiff, Dominion Pathology Laboratories, P.C. ECF Nos. 8, 9. For the reasons set forth below, the Motion to Remand is **GRANTED**.

I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiff is a three-physician practice that provides biopsy diagnostic services, and has been a participating provider in the preferred provider network of Anthem Health Plans of Virginia, Inc. (the "Defendant"), for approximately twelve years. Compl. ¶¶ 5, 12, 17, ECF No. 1-1. Pursuant to various provider agreements between the parties, the Defendant would reimburse the Plaintiff for the particular services provided based on a "Current Procedural Terminology" ("CPT") code. See id. ¶¶ 14-16. On January 1, 2014, the Defendant

reduced reimbursement rates for the Plaintiff's services by approximately eighteen percent. See id. ¶ 18. Thereafter, on October 15, 2014, the Defendant notified the Plaintiff "of its unilateral intent to amend the parties' agreement" by decreasing reimbursement rates "by nearly sixty percent," which changes became effective on February 2, 2015. Id. ¶¶ 21, 23, 29.

On March 10, 2015, the Plaintiff filed this action in the Circuit Court for the City of Norfolk, Virginia, seeking declarations that the Defendant violated federal law under § 2706 of the Patient Protection and Affordable Care Act (the "ACA"),[1] and state law under § 38.2-3407 of the Virginia Code,[2]

---

[1] Section 2706 of the ACA is codified at 42 U.S.C. § 300gg-5(a), and provides as follows:

> A group health plan and a health insurance issuer offering group or individual health insurance coverage shall not discriminate with respect to participation under the plan or coverage against any health care provider who is acting within the scope of that provider's license or certification under applicable State law. This section shall not require that a group health plan or health insurance issuer contract with any health care provider willing to abide by the terms and conditions for participation established by the plan or issuer. Nothing in this section shall be construed as preventing a group health plan, a health insurance issuer, or the Secretary from establishing varying reimbursement rates based on quality or performance measures.

[2] The relevant portion of Virginia Code § 38.2-3407 is as follows:

> B. Any such insurer shall establish terms and conditions that shall be met by a hospital, physician or type of provider listed in § 38.2-3408 in order to

and alleging breach of contract by the Defendant. See Compl. The Defendant was served with the state Complaint on March 16, 2015. Notice Removal at 2, ECF No. 1. Subsequently, on April 10, 2015, the Defendant filed its timely Notice of Removal ("Notice") in this court, asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Notice at 1.

On May 1, 2015, the Plaintiff filed the Motion to Remand currently before the court. The Defendant filed its Memorandum in Opposition on May 18, 2015. ECF No. 13.[3] Thereafter, the Plaintiff filed its Rebuttal. ECF No. 15. The Motion to Remand is now ripe for review.[4]

---

qualify for payment as a preferred provider under the policies or contracts. These terms and conditions shall not discriminate unreasonably against or among such health care providers. No hospital, physician or type of provider listed in § 38.2-3408 willing to meet the terms and conditions offered to it or him shall be excluded. Neither differences in prices among hospitals or other institutional providers produced by a process of individual negotiations with providers or based on market conditions, or price differences among providers in different geographical areas, shall be deemed unreasonable discrimination. The Commission shall have no jurisdiction to adjudicate controversies growing out of this subsection.

Va. Code. § 38.2-3407B.

[3] United States Magistrate Judge Tommy E. Miller entered a Consent Order on May 15, 2015, which granted the Defendant's Consent Motion for an Extension of Time to File its Response to Plaintiff's Motion to Remand. See ECF No. 12.

[4] Although the Plaintiff requests a hearing on the Motion to Remand, see ECF No. 18, after full examination of the briefs and

3

## II. Analysis

"The district courts of the United States are courts of limited subject matter jurisdiction." <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009) (citing <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005)). Federal courts may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." <u>Id.</u> (citing <u>Bowles v. Russell</u>, 551 U.S. 205 (2007); <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).

The applicable statute permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal

---

record, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

jurisdiction." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Moreover, any doubts about the propriety of removal should be resolved in favor of remand to state court. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc).

On a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum, which, in this case, is the Defendant. Mulcahey, 29 F.3d at 151. In its Notice of Removal, the Defendant argues that the court has federal question jurisdiction under 28 U.S.C. § 1331 because the Plaintiff seeks relief under the ACA. Notice at 1, 3. The Defendant further asserts that the Plaintiff's "state claims contain precisely the type of federal issue that warrants adjudication in federal court." Def.'s Mem. Opp'n at 8.

A district court has federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-settled that "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "For statutory purposes, a case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." Gunn v.

Minton, 133 S. Ct. 1059, 1064 (2013) (citing Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). Such claims "account[] for the vast bulk of suits that arise under federal law." Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983)).

Alternatively, state-law claims may "arise under" federal law if they "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). These claims constitute a "special and small category" of federal "arising under" jurisdiction. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065. Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Similarly, "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Grable, 545 U.S. at 314.

In the instant case, federal law does not create the cause of action asserted. In essence, the Complaint states a breach of contract claim and seeks a declaration that the Defendant has not complied with the terms of the parties' contract, which incorporated compliance with both federal and state laws as a condition of the contract. See Compl. ¶¶ 64-68. Generally, the rights and obligations under the parties' contract are governed by state law. See Volt Info. Scis., Inc. v. Bd. of Trs., 489 U.S. 468, 474 (1989). The parties, and the court, agree that § 2706 of the ACA does not create a private right of action. See Def.'s Mem. Opp'n at 15; Pl.'s Mem. Supp. Mot. Remand at 6. However, although a private right of action is a sufficient condition for federal question jurisdiction, it is not a necessary one. See Grable, 545 U.S. at 317. Accordingly, federal question jurisdiction will exist in this case only if the Plaintiff's state law claims necessarily depend on resolution of a substantial question of federal law.

The removal of this litigation fails to satisfy parts (1), (3), and (4) of Gunn.[5] The Plaintiff's suit does not "necessarily raise" an issue of federal law. As the Court of Appeals for the Fourth Circuit has recognized, "'a plaintiff's right to relief for a given claim necessarily depends on a question of federal

---

[5] The Plaintiff "concedes that, if the issue of [the Defendant's] violation of the ACA is necessarily raised in this case, it will be 'actually disputed.'" Pl.'s Mem. Supp. Mot. Remand at 16.

7

law only when every legal theory supporting the claim requires the resolution of a federal issue.'" Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 182 (4th Cir. 2014) (quoting Dixon, 369 F.3d at 816). Therefore, "if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Dixon, 369 F.3d at 817.

In this case, the Plaintiff has asserted both federal and state bases of liability for its breach of contract claim. The contractual provision at issue provides for "Compliance with Federal and State Laws." See Compl. ¶ 65 (emphasis added). Although the Defendant argues that the Plaintiff's "federal breach-of-contract claim cannot be resolved without relying on federal law," Def.'s Mem. Opp'n at 10, the Plaintiff could succeed by proving either a violation of § 2706 of the ACA or a violation of Virginia Code § 38.2-3407. Although the Plaintiff references the ACA in Count II of the Complaint, which seeks a declaration that the Defendant violated § 38.2-3407 of the Virginia Code, resolution of the federal issue is not necessary for the resolution of the state issue. Specifically, a court could find that a violation of § 2706 of the ACA constitutes "unreasonable discrimination" in violation of § 38.2-3407 of the Virginia Code, or a court could merely find that "[t]he terms and conditions of [the Defendant's] preferred provider program

8

as applied to [the Plaintiff] were and are unreasonable" — which finding would not require any reference to federal law. See Compl. ¶ 61. As the breach of contract claim is predicated in part on conduct that is not related to the ACA, the court finds that the Defendant has failed to show that resolving issues related to § 2706 of the ACA are necessary to resolve the claim. Thus, the federal issue is not "necessarily raised." See Fed. Nat'l Mortg. Ass'n v. Young, No. 2:12cv471, 2013 WL 5488513, at *3 (E.D. Va. Aug. 12, 2013) ("For a claim to 'necessarily raise[]' a federal issue, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'") (quoting Franchise Tax Bd., 463 U.S. at 10-11).

Turning to prong (3) of the Gunn analysis, the federal issue must be "substantial." As the United States Supreme Court has recently clarified:

> [I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will <u>always</u> be true when the state claim "necessarily raises[s]" a disputed federal issue, as Grable separately requires. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole.

Gunn, 133 S. Ct. at 1066. There are several factors that may make a federal issue more "substantial" in the relevant respect. First, cases that present a "nearly pure issue of law" are more likely to be "substantial" than cases which involve "fact-bound

9

and situation-specific" claims. See Empire, 547 U.S. at 700-01 (internal citations omitted). Second, if the federal issue's "resolution was both dispositive of the case and would be controlling in numerous other cases," then the issue is more likely "substantial." Id. at 700. Third, cases in which the government has a strong interest in litigating in a federal forum are more likely to present a substantial federal question. See Grable, 545 U.S. at 314-15.

The Defendant asserts that the federal issue is "substantial." In support, the Defendant argues that the court "must simply interpret the meaning of 'discriminate' in Section 2706 of the ACA and determine whether an insurer is precluded from considering any other factors besides a provider's quality and performance when amending that provider's reimbursement rates," and that resolution of such issue will control future cases. Def.'s Mem. Opp'n at 12-13. Further, relying on the Supreme Court's finding in Grable that "'the meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court,'" the Defendant asserts that "the meaning of the federal ACA provision [is] an important issue of federal law that should be resolved in this Court." Id. at 13 (quoting Grable, 545 U.S. at 315).

The Plaintiff, however, contends that the Supreme Court's argument in Gunn accurately shows why there is no substantial

10

interest in this case, both because any federal issue is not important to the federal system as a whole, and because "Congress has expressly delegated enforcement of the ACA provision at issue in this case to the states in the first instance, <u>not</u> the federal government." Pl.'s Mem. Supp. Mot. Remand at 16.

As was the case in <u>Gunn</u>, "the federal issue in this case is not substantial <u>in the relevant sense</u>." 133 S. Ct. at 1066 (emphasis added). At this initial stage of the proceedings, the federal issue appears to present issues of law and issues of fact. Although the definition of "discrimination" under § 2706 of the ACA is a contested issue, so too are the rates the Defendant charged other providers, as well as the criteria actually used by the Defendant for establishing such rates. Moreover, the Defendant has not made clear that the federal issue will be dispositive in this case.

Further, the Defendant has made no showing that the federal government has a particular interest in the ACA issue raised in the Complaint. All the Defendant has asserted is that the national importance of the ACA, - "'to increase the number of Americans covered by health insurance and decrease the cost of health care'" - makes the particular issue in this case "an important federal issue." Def.'s Mem. Opp'n at 13 (quoting <u>Nat'l Fed'n of Indep. Bus. v. Sebelius</u>, 132 S. Ct. 2566, 2580 (2012)).

11

However, the lofty purpose of the ACA does not make every issue touching the ACA "an important federal issue." Rather, the types of federal issues that are "important" are important to the federal government in a more specific sense. For example, the federal issue in Grable ultimately centered on the ability of the Internal Revenue Service to effectively collect taxes. See 545 U.S. at 315. As the Supreme Court noted, "[t]he Government has a strong interest in the prompt and certain collection of delinquent taxes." Id. (internal quotations omitted). There is no comparable federal interest in this case. Although the ACA is undoubtedly an important piece of federal legislation, the particular provision at issue is not important to the federal system as a whole.

As to part (4) of the Gunn analysis, the Defendant contends that "[t]he federal issue may proceed in federal court without disturbing the state-federal balance approved by Congress," because "the implementation and enforcement of Title I of the ACA in Virginia is delegated to the State Corporation Commission, not to Virginia courts." Def.'s Mem. Opp'n at 14. The Defendant also asserts that even though Congress expressly chose not to create a federal cause of action to enforce § 2706 of the ACA, the court should nevertheless exercise federal question jurisdiction. Id. at 15.

However, the Plaintiff argues that "resolving the federal ACA issue in federal court will disrupt the federal-state balance approved by Congress for these kinds of cases." Pl.'s Mem. Supp. Mot. Remand at 17. Specifically, the Plaintiff contends that because "Congress has reserved enforcement of the ACA provision at issue to the states in the first instance" and because of "Congress's general approach of leaving insurance issues to the states," no federal question jurisdiction exists in this case. Id. at 18.

As the Court of Appeals for the Seventh Circuit has noted, "[m]ost insurance disputes arise under state law and are resolved in state court." Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins., 756 F.3d 1032, 1035 (7th Cir. 2014). This observation, coupled with the fact that Congress did not create a private right of action to enforce § 2706 of the ACA and reserved its enforcement to the states,[6] compels the conclusion that exercising federal question jurisdiction in this case would disrupt the federal-state balance approved by Congress.

---

[6] That Virginia delegates the implementation and enforcement of Title I of the ACA to the State Corporation Commission rather than to the Virginia courts does not dictate a different result. See Va. Code § 38.2-3446. Rather, as the Plaintiff argues, "a regulatory scheme that is to be enforced by each state cannot be important to the 'federal system as a whole.'" Pl.'s Rebuttal at 7 n.3.

13

## III. CONCLUSION

In sum, the court finds that the Defendant has failed to satisfy its burden to show that a substantial federal question exists. The court hereby **GRANTS** the Motion to Remand and, accordingly, **REMANDS** this action back to the Circuit Court for the City of Norfolk, Virginia. Accordingly, the Defendant's Motion to Dismiss, ECF No. 4, is **MOOT** in this court. The Defendant may raise it in the state court, as appropriate.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties and to effect the remand to state court.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

June 19, 2015